# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| ROXAN KILPATRICK,<br><br>        Plaintiff,<br>vs.<br><br>CRST EXPEDITED, INC., a corporation, NORTH AMERICAN DRIVER TRAINING ACADEMY, L.L.C., a limited liability corporation, and DENNIS HARRINGTON, an individual,<br><br>        Defendants. | No. C 16-71-MWB<br><br>**OPINION AND ORDER REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S REQUEST TO SET TRIAL DATE** |

_____

This race discrimination and retaliation case is before me on the defendants' August 28, 2017, Motion For Summary Judgment. Plaintiff Kilpatrick did not resist that Motion by the deadline of January 29, 2018, set by my Order filed October 30, 2017. Nevertheless, on February 5, 2018, I entered another Order granting Kilpatrick's belated *pro se* request for an extension, in the interest of justice, to give Kilpatrick "one last opportunity to attempt to address the defendants' Motion For Summary Judgment on the merits." In that Order, I specifically stated the following:

> Kilpatrick shall have **to and including February 20, 2018,** within which to file a response to the defendants' Motion For Summary Judgment. The deadline indicated is the date by which Kilpatrick's response must be *filed with the Clerk of Court*, not the last date for Kilpatrick to mail her response. No further extension will be granted. If no response to defendants' Motion for Summary Judgment is *filed* by this

> deadline, the defendants' Motion will be granted and judgment will enter accordingly.

Order, February 5, 2018 (all emphasis in the original). Kilpatrick filed no timely resistance by the extended deadline. Instead, on February 22, 2018, contrary to directions, Kilpatrick sent an email directly to me, Magistrate Judge C.J. Williams, and my judicial assistant, requesting a trial date, because her settlement offer to the defendants had been declined. I directed the Clerk's Office to file that email as a request for a trial date and to file the attachments Kilpatrick sent with it under seal. Kilpatrick's request for a trial date is also now before me.

Under the circumstances, I conclude that, in their Motion For Summary Judgment and supporting Statement of Material Facts and Appendix, the defendants have carried their "'initial responsibility of informing the district court of the basis for [their] motion,' and . . . identify[ing] 'those portions of [the record] . . . which [they] believe[] demonstrate the absence of a genuine issue of material fact.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). On the other hand, because Kilpatrick has provided no timely response, she has not met her burden to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id*. (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)). Thus, on the record presented, taken as a whole, no rational trier of fact could find for Kilpatrick on her claims, there are no genuine issues of material fact for trial, and the defendants are entitled to summary judgment on Kilpatrick's claims. *Id.*

I note that the defendants' Motion For Summary Judgment did not address defendant CRST's Counterclaim for breach of contract set out in the defendants' July 15, 2016, Answer To Complaint And Counterclaim. I also note that, although Kilpatrick was represented by counsel at the time that the Counterclaim was filed, Kilpatrick did

2

not file an answer within twenty-one days as required by Rule 12(a)(1)(B) of the Federal Rules of Civil Procedure, nor has she done so since. Thus, it is clear from the record that Kilpatrick is in default on CRST's Counterclaim, and I will direct the Clerk of Court to enter that default on the docket. *See* FED. R. CIV. P. 55(a). I will consider any motions pursuant to Rule 55(b) or (c) as the result of the entry of default. **If no action is taken on or before March 23, 2018, I will dismiss the counterclaim for lack of prosecution.**

Because summary judgment is appropriate on Kilpatrick's claims, and default judgment may be appropriate on CRST's counterclaim, no trial date will be set. For the same reasons, I will deny the defendants' October 24, 2017, Motion In Limine without prejudice.

THEREFORE,

1. The defendants' August 28, 2017, Motion For Summary Judgment (docket no. 16) is **granted;**

2. Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk of Court is directed to enter Kilpatrick's default on the record;

3. The plaintiff's February 22, 2018, *pro se* Request For Trial Date (docket no. 28) is **denied**; and

4. The defendants' October 24, 2017, Motion In Limine (docket no. 20), which is currently pending, is **denied without prejudice.**

**IT IS SO ORDERED**.

**DATED** this 22nd day of February, 2018.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA